Bryan Edward Kaye
318 S Melrose St #2
Anaheim CA 92805
(714) 860-9012
reachbryan@yahoo.com

Plaintiff in Pro Per

FILED
July 5, 2019

2019 JUL -5 AM 10: 43

CLERK U.S. DISTRICT COURT
- CENTRAL DIST. OF CALIF.
SANTA ANA
BY____LAW

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

Bryan Edward Kaye
as an individual

    Plaintiff

v.

Chris Zapata
Harry Sidhu
Robert Fabela
Trevor O'Neil
Jordan Brandman
Stephen Faessel
Denise Barnes
Dr Jose F Moreno
Lucille Kring

    Defendants

Case No.: SACV19-01046 JVS (DFMx)
FIRST AMENDED COMPLAINT

Civil Rights Complaint
Request for Injunctive relief
Request for Declaratory relief
Request for Equitable relief

US Code 42 § 12203  Intimidating,
coercing, threatening a witness or suspect
in any legal proceeding

US Constitution -  Fourth Amendment
US Constitution -  First Amendment
US Constitution -  Fourth Amendment
US Constitution -  Eighth Amendment
US Constitution -  Fourteenth Amendment

US Code 18 § 241 and 242 Discrimination
against disabled, real or perceived

US Code 18 § 1001 Falsification
of documents

US Code 18 § 3571 Denied right to truth
in evidence

US Code 18 § 3571  Violation of
Oath of Office

CA Penal Code 115(a) felony to file false
forged documents with public office

page 1

## JURISDICTION AND VENUE

1. This is an action for injunctive and declaratory relief and damages pursuant to US Code 42 § 12203 and 18 U.S. Code 18 § 241, 242, US Code 18 § 1001, US Code 18 § 3571 and CA Penal Code 115(a) and the First, Fourth, Eighth and Fourteenth Amendments of the US Constitution.

2. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 US Code § 1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act 28 US Code § 2201(a) and 2202. The Court has jurisdiction over Plaintiffs' supplemental state law claims for declaratory and injunctive relief pursuant to 28 US Code § 1367(a).

3. Venue is proper under 28 US Code §1391(e). Defendants are officers or employees of the United States and local state and municipalities, acting in official capacities, under color of law, and the agencies of the United States and local state and municipalities and agencies. Venue is proper in Southern Division of the Central District in that the events and conduct originated and were directed at Plaintiff while Plaintiff was residing in Southern Division of Central District.

4. Plaintiff asserts use of Affirmative Defense, places responsibility on Defense to produce evidence supporting all reports, actions, collections, statements and responses produced and maintained about Plaintiff. Plaintiff has witnessed, reported, and submits evidence of actions that are 'unauthorized departures from the authority given'. This 'unauthorized departure from the authority given' destroys the privilege which otherwise would be present. Unless Defendant can produce laws and codes endorsing the crimes listed, there is no immunity, no special privilege.

## JURISDICTION AND VENUE (continued)
continued from page 2

4. Plaintiff asserts use of Affirmative Defense, and places responsibility on the Defense to produce evidence supporting all reports, actions, collections, statements and responses produced and maintained about Plaintiff. Plaintiff has witnessed, reported, and submits evidence of actions that are 'unauthorized departures from the authority given'. This 'unauthorized departure from authority given' destroys the privilege which otherwise would be present. Unless Defendants can produce laws and codes endorsing fraud, forgery, threats, kidnapping, and other crimes listed, there is no immunity, no special privilege.

5. Plaintiff asserts the status of ACTIONABLE PER SE, and therefor not required to present evidence of damages, or a cause. The Supreme Court decision Johnson v City of Shelby makes it clear that neither Twombly nor Iqbal nor the Federal Pleading rules require "pro se" plaintiffs to set forth the legal theory supporting the asserted claim for relief. Johnson v. Shelby, Miss., 742 F.3d 59, 62 (5th Cir. 2013). Bell Atlantic Corp. v Twombly (2007). Ashcroft v. Iqbal, 556 US 662, 678 (2009).

6. Plaintiff, Bryan Kaye resides in the Southern Division of this Central District.

7. Plaintiff, Bryan Kaye, is a resident of the United States of America. Bryan has skills, talents, and gifts to offer the US Government. These simple acts, in unison with millions of fellow Americans, in concert with the Constitutional laws, i.e. freedoms, work to provide the foundation, to build success and to fund the United States in all endeavors. Any and all deviations from these Constitutional Laws defraud the Federal Government of one of these workers, when one worker falls, the others feel the additional work load, defrauding all.

## PRELIMINARY STATEMENT

1. Currently there is a Case pending in Federal Court, filed by Plaintiff, Bryan Kaye, case no SACV 19-0659-JVS(DFMx). The case reports multiple Anaheim Police officers and Anaheim City officials destroying recordings required per Anaheim Police Policy 450 (currently 451), recordings that are evidence in a criminal matter, forging and submitting documents, reports and plea agreements to the court to defraud the US Government and Plaintiff.

2. Currently there are motions pending in a court (either North, Central or Harbor), with Judges Oberholzer, Apkarian, Mansourian, and Leverson. Collectively they have refused to follow due process, have refused to provide any evidence to support the claims made against Plaintiff Bryan Kaye, have refused to answer requests for discovery, have refused to accept and motions and refused to schedule hearings to attend to those motions.

3. Since June 2, 2018 .... the court has provided NO communication, instead, choosing to abandon all Constitutional responsibilities, the requirements of due process and any compliance with the law.

4. The failure on the part of the Defendants in the standing case, and now this case, does not liberate Bryan Kaye from responsibilities to family and obligations to debtors and other government agencies. Despite this disparagement, Defendants continue to refuse to comply with requests to comply with the law.

5. Plaintiff Bryan Kaye, speaks at Anaheim City Council and Orange County Supervisors meetings during public comments time allowed. While the speeches are limited to THREE MINUTES, Bryan invests HUNDREDS, even THOUSANDS of HOURS preparing speeches that should, by LAW, inspire the leaders to stop violating the law, and begin to comply with laws that are cited, facts that are readily available, and evidence that is presented at these meetings. Bryan makes calls to schedule meetings to correct mistakes and crimes committed by Defendants. Plaintiff's petitioning of the government to redress grievances is a protected act, under the First Amendment of the Constitution. Plaintiff is protected during the speech, and Plaintiff is protected against retaliation and intimidation for having had spoken, reported and called.

6. Defendants have a responsibility to know the very First Amendment to the Constitution, to understand the intentions and implications of following, and not following this First, fundamental foundation to the US Constitution. When Plaintiff petitioned via speaking at public meetings, making phone calls to schedule a meeting, and, reported grievances to Defendants, Defendants have a Constitutional and legal obligation to accept Plaintiff's petitions, address the grievances, and to correct said grievances.

7. Defendants did not follow the obligations of the US Constitution and the law, ignored the facts and evidence, and chose to take actions that intimidate, threaten and silence Plaintiff and petitioners.

8. Defendants had Anaheim Police Officers Stephen Voss and Mathew Beck initiate a traffic stop. This stop was intended to intimidate, threaten and silence Plaintiff Bryan Kaye. Ofc Voss and ofc Beck ordered Bryan from his vehicle then cuffed him. Ofc Mathew Beck immediately informed Plaintiff Bryan Kaye of the reason for the stop.... they (Defendants, Anaheim Mayor Harry Sidhu and the Anaheim City Council) DO NOT want Plaintiff Bryan speaking at the (Anaheim City Council) meetings.

9. Defendants have ignored the First Amendment, ignored petitions submitted, ignored the facts, ignored the laws, and mocked the consequences suffered by Plaintiff Bryan Kaye.

7. Against the will of Plaintiff Bryan Kaye, and without his consent, ofc Beck and Voss kept Bryan handcuffed on the side of the road for nearly 30 minutes. After this wait, Bryan was, again, against his will, transported to a Crisis Stabilization Unit.

8. During the wait, Plaintiff Bryan Kaye informed the officers of what happened after a previous encounter. Beck and Voss took Plaintiff Bryan to Anaheim Global for a 72 hold, Plaintiff Bryan was beaten, concussed, unknown medication injected into the inner thighs (the amount and number of injections was decided by how 'angry' the staff were), the photographs taken of the genitalia taken by staff who always seem to laugh at this moment.

9. Calls made to Chris Zapata, Anaheim City Manager have gone unanswered.

10. During one call to a receptionist, (Lisa), Plaintiff Bryan described the 7th floor lobby, which is open to the public, and explained that the locked door was there because the city would rather NOT conduct business with the public, and that the safety and well being of the staff was 'secondary'. Lisa became upset.

11. Defendant Chris Zapata chose to ignore Bryan Kaye, forcing crisis and trauma unto Plaintiff Bryan and family. Defendant Chris, rather than communicating with Bryan, and addressing the outstanding petitions before him, chose to ignore the First Amendment, and to use Lisa, ofc Beck and ofc Voss to retaliate against Plaintiff Bryan, to intimidate, threaten and silence Plaintiff Bryan, and to further the abuse detailed in the standing case.

11. Lisa is not afraid of Bryan Kaye.

12. Lisa IS afraid of losing her job and becoming homeless. Lisa is afraid of the mental health issues that accompany being homeless. Lisa is afraid of Chris Zapata, Mayor Sidhu, the Anaheim City Council, and the decisions they make to abandon laws, ignore petitions, phone calls, and then, in turn dismiss the very people of Anaheim, causing crisis and trauma to the people, families, and communities of Anaheim.

13. Despite Defendant Chris Zapata claiming to be afraid of Bryan Kaye, Chris is NOT afraid of Plaintiff Bryan. After a call made by Bryan Kaye on April 30, 2019, Chris Zapata returned his call. This is the first time Chris has ever initiated a call to Plaintiff Bryan. Defendant Chris agreed to meet Plaintiff Bryan and discuss the matter.

14. On May 17th 2019 Defendant Chris took Plaintiff Bryan on a tour to visit a school with a vacant lot that would one day be a clinic. Then Defendant Chris took Plaintiff Bryan to Pizza Hut on the corner of Magnolia and Broadway. Defendant Chris bought Pizza and wings, a meal costing close to $25 for the two of them.

15. While the discussions were of very difficult and even painful matters, the meal and the company was pleasant.

16. Defendant Chris did make one very painful, very personal admission. Before the meal, while Chris was gathering his beverage, a gentleman approached and began chatting with Plaintiff Bryan. Plaintiff Bryan failed to introduce Defendant Chris and the gentleman. The gentleman, appeared to ignore Chris and walked away from the table, allowing Chris and Bryan to eat their meal in peace.

17. Defendant Chris lamented that being ignored was because he (Chris) is a minority.

18. In an odd twist, the gentleman was Lou Sheldon, Anaheim resident, and leader of the Traditional Values Coalition located in Anaheim.

19. On Monday, May 27th 2019, Chris Zapata, in concert with Anaheim Mayor Harry Sidhu, City Attorney Robert Fabela, Council Members Trevor O'Neil, Stephen Faessel, Denise Barnes, Jordan Brandman, Dr Jose F Moreno, and Lisa Kring all chose to give ORDERS that lacked substance, reports, or evidence to support. These orders were given to Anaheim Police officers Stephen Voss and Mathew Beck.

20. The 'orders' as both Beck and Voss stated, came from the Anaheim City Attorney, and had to be 'followed'. The orders lacked any substance, reports, or evidence to substantiate the 'orders' given by Anaheim City leaders to officers Beck and Voss.

21. While the case of John Bad Elk v United States, 177 U.S. 529 (1900) happened over 100 years ago, the similarities stand. Defendants had no cause, and failed to follow due process of law when 'ordering' ofcs Voss and Beck to arrest or serve papers unto Bryan Kaye. During the subsequent traffic stop, ofcs Voss and Beck had to code 4, (call off) over four other officers in other patrol cars.

22. These 'orders' put ofcs Voss, beck, and all other supporting staff, in direct exposure to civil lawsuits, criminal claims and arrest, and, as in the case of John Bad Elk, and John Kills Back, having the PEOPLE, defend themselves up to and including using deadly force against the officers.

23. Plaintiff Bryan Kaye has always chosen to peacefully enlighten, and to share the laws, facts and evidence that govern the relationships between leaders and people. Plaintiff Bryan wants to help the leaders make informed decisions that lead to healthy success.

24. Defendants, currently are using ignorance, hate, deception, lies, and deadly orders to lead and make decisions. This must stop.

25. Defendants, Anaheim City Leaders have chosen to intimidate, threaten and silence Bryan Kaye. Defendants, Anaheim City Leaders have chosen to give orders to Anaheim Police that violate laws, compromise safety, and put everyone's lives at risk.

26. Defendants, Anaheim City Leaders have IGNORED all laws, all requests to comply with due process of law, and all public comments requesting and demanding compliance. Defendants could chose to provide services, communication, and to conduct business with Bryan Kaye.

27. Plaintiff Bryan Kaye demands that Defendants, Anaheim City Leaders communicate, provide services, and comply with the law. Plaintiff Bryan Kaye demands apologies so that Defendants LEARN to not commit these violations of the law again.

## PARTIES

1. Plaintiff, Bryan Kaye, has observed/witnessed actions taken by Defendants Anaheim City Leaders, Harry Sidhu, Trevor O'Neil, Stephen Faessel, Jordan Brandman, Dr Jose F Moreno, Denise Barnes, Lucille Kring, Chris Zapata, and Robert Fabela, that violate the Constitution, and multiple laws and codes that overlap. Plaintiff is acting upon Constitutional responsibility to report the actions of Defendants because the actions violate Constitutional law, codes and policies.

2. Plaintiff Bryan Kaye is a citizen of the United States, and has skills, talents, obligations and gifts to provide to the United States Government. The crimes against Plaintiff Bryan not only defraud Plaintiff Bryan, but they defraud the US Government of those obligations and gifts being presented by Plaintiff Bryan Kaye.

3. Defendants Anaheim City Leaders (listed above) are individuals with the capacity to sue and be sued. Defendants have engaged in the acts complained of herein pursuant to the policies, practices and customs of the United States Court System. These practices and customs of Defendants do not comply with the the Unites States Court System, and furthermore violate the Constitutional Laws.

4. The Defendants, (Listed above) participated personally in the unlawful conduct challenged herein. Both challenged acts, first, the failure to follow the law, and second, the attempt to prevent Plaintiff from future petitions to redress the grievances caused by the Defendants. The challenge acts by Defendants caused the violation of Plaintiffs' rights and this complaint to be filed.

5. Ofc's Stephen Voss and Mathew Beck are NOT listed as defendants because they are victims of abuses listed by Defendants as well. They were 'just following orders'....

## CAUSE of ACTION

1. Defendants, Anaheim City Leaders, Harry Sidhu, Trevor O'Neil, Jordan Brandman, Dr Jose F Moreno, Denise Barnes, Stephen Faessel, Lucille Kring, Robert Fabela, and Chris Zapata, in concert, committed actions that violated the CA Penal Code, the First, Fourth, Fifth, Eighth, Fourteenth Amendments, US Code 18 § 241 and 242, and US Code 42 § 12203.   Affirmative Defense requested.

2. Plaintiff re alleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth here at.

3. The acts and omissions of Defendants Anaheim City Leaders, Harry Sidhu, Trevor O'Neil, Jordan Brandman, Dr Jose F Moreno, Denise Barnes, Stephen Faessel, Lucille Kring, Robert Fabela, and Chris Zapata as described herein, violate the Constitutional rights of Plaintiff to be free from actual or threatened cruel and unusual punishment.

4. Plaintiff, as everyone else, has a Constitutional right to be free from false criminal charges filed without following Due Process, has the right to be free from threats and duress during court proceedings and when deciding to, and when signing documents.  None of these freedoms were availed to Plaintiff by Defendants.

5. Claims by Defendants of immunity from prosecution are not true.  Once each Defendant entered the false, forged plea agreement into the courts records, or took action to intimidate, threaten, and silence Bryan Kaye, Plaintiff, the absolute immunity from damages was destroyed.

page 11

6. Plaintiff asserts the status of ACTIONABLE PER SE, and therefor not required to present evidence of damages, or a cause. The Supreme Court decision Johnson v City of Shelby makes it clear that neither Twombly nor Iqbal nor the Federal Pleading rules require "pro se" plaintiffs to set forth the legal theory supporting the asserted claim for relief. Johnson v. Shelby, Miss., 742 F.3d 59, 62 (5th Cir. 2013). Bell Atlantic Corp. v Twombly (2007). Ashcroft v. Iqbal, 556 US 662, 678 (2009).

7. ANY and ALL claims of "immunity" are fraud of the US Government and the Petitioner. If "immunity" was a valid defense, this would prevent removal from office for crimes against the people, which removal is authorized, even mandated under US Constitution Article 2 Section IV, as well as 18 US Code 241, 42 US Code 1983, 1986 and the CA State Constitution.

8. Claims of "immunity' sound very much like the claims of a "superior race" once made to silence critics and to allow the "machine" to destroy without consideration of the People.

9. Claims of "immunity" have historically been made by tyrants, dictators and other leaders acting under the motivation / inspiration of dark, evil forces. Hitler and the Nuremberg trials exposed the dangers of permitting leaders to ignore the people, their petitions and the laws that govern the relationships between Leaders and People. Russian and the United States leaders destroyed Vietnam and Korea with wars following WWII.
How did they do this???
The leaders imply ignore the lives, and deaths of the PEOPLE under their command

10. Plaintiff has no intention of being a modern day FATALITY at the hands of leaders who still have not learned even after over 75 years of NEVER AGAIN.

page 12

## PARTIES

1. Plaintiff, Bryan Kaye, has observed, actions taken by Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, Cunha, Wyatt, Goodkin and Staton that violate the Oath of Office, US Code 18 § 495 forgery to defraud the US Government and Plaintiff, US Code 18 § 3571 denying the right to truth in evidence, US Code 18 § 1001 Falsification of Documents, and CA Penal Code 115(a). These acts also violate the First, Fourth, Fifth, Eighth, and Fourteenth Amendments of the US Constitution. Plaintiff is acting upon Constitutional responsibility to report the actions of Defendants because the actions violate Constitutional law, codes and policies.

2. Plaintiff, Bryan Kaye, is a highly responsible person, who maintains a significant level of integrity in life. Son of a Government Documents Librarian and a Chemical engineer, both parents maintaining highly disciplined professions, this was instilled in Plaintiff Bryan. These standards are part and parcel of the Kaye family, and Plaintiff Bryan finds this series of violations against Plaintiff not only a disappointment, but a terrible destruction of a precious, non renewable resource, time.

3. Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, Wyatt, Cunha and Goodkin are individuals with the capacity to sue and be sued. Defendants have engaged in the acts complained of herein pursuant to the policies, practices and customs of the United States Court System. These practices and customs of Defendants do not comply with the the Unites States Court System, and furthermore violate the Constitutional Laws.

4. The Defendants, Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, Wyatt, Cunha and Goodkin participated personally in the unlawful conduct challenged herein. Both challenged acts, first, then the attempts to prevent the public (Plaintiff) from petitioning the redress of the grievances. The challenged acts caused the violation of Plaintiffs' rights and this complaint to be filed.

POINTS and AUTHORITIES (Related Cases- cont)

6. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) US Supreme Court stated that "when a state officer acts under a state law in a manner violative of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States."

7. Despite the claims by Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, Goodkin and others that the Judges and Officers are immune from prosecution, the State has no power to impart any authority from the Supreme Authority of the United States and the Constitution that Governs the interactions between the people and the Government. The Defendants, Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, Goodkin are all open to and available to be prosecuted for the crimes as set forth by the Plaintiff.

8. The Defendants claims of ignorance of the law, is no excuse. Owens v. City of Independence, 100 S.Ct 1398 (1980) see also Maine v. Thiboutot, 448 US 1, 100 S. Ct. 2502 Hafer v. Melo, 502 US 21. "The innocent individual who is harmed by an abuse of governmental authority is assured that he will be compensated for his injury." "Officers of the Court have no immunity, when violating a constitutional right, from liability, for they are deemed to know the law.

14

POINTS and AUTHORITIES (Related Cases- cont)

9. Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, and Goodkin have all claimed that there is a statute of limitations on correcting a forged court document, when there is none, and as of yet, no evidence has been provided to support this statement. Defendants do not know the law.

10. As an extreme example, the case of Alcolu, South Carolina v George Junius Stinney. (1944) Alcolu sentenced George to death, and then executed George. In 2004 several individuals from Northeastern University of Law began the laborious task, and in 2014, they had the conviction vacated when the court ruled George had not received a fair trial.

11. Plaintiff Bryan Kaye will only live one time, and this one precious life must be lived correctly, and within the law, for plaintiff to experience success and a healthy life. It is not exactly the same for Plaintiff to be jailed, beaten, forced medication, and killed today..... and
then be exonerated at some future date. This does not produce the same life, the same memories. This waiting, is not healthy. Justice delayed is justice denied. If the people of Alcolu had followed the law, then George never would have been executed, and there is no replacement for a health law abiding life. These laws must be followed now, not later, when they are of no use, and no consequence for Plaintiff Bryan Kaye.

July 5, 2019

ENTITLEMENT OF PLAINTIFF

1. Plaintiff (as are the People) are Entitled to the Constitutional Rights as provided in writing for all the People to read and understand. Plaintiff is entitled to be free of the restraints created by the Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, Goodkin, Wyatt, Cunha and Staton, and the Defendants use of forged documents and plea agreements to defraud the US Government and the Plaintiff.

2. Plaintiff is entitle to be free of the existence of these false, forged documents.

INJUNCTIVE RELIEF

1. Plaintiff re allege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth here at.

HERE FORE, Plaintiff pray as follows:

1. For a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants Oberholzer, Apkarian, Mansourian, Leverson, Foxx, Kirk, Goodkin, Wyatt, Cunha and Staton, from using and reporting the false, forged plea agreements to stop, detain, cite, arrest, threaten to arrest or intimidate Plaintiff in any way.

2. For a declaratory judgement that Defendants' culture, practices, and conduct, as alleged herein violate the Plaintiff's rights under the United States and California Constitutions and the laws of the California, Orange County and Fullerton and Anaheim.

3. For damages to Plaintiff in an amount of $1,000,000 for losses of family relations.' spousal relations, home, business and damage to family and souse of Plaintiff.

ENTITLEMENT
(continued)

5. For such other relief as the Court deems just and proper.

6. To prevent the Defendants from this maintaining this ongoing culture of actions that deviate from the United States Constitution and the laws, facts and evidence, Plaintiff is requesting punitive damages of $ 9,000,000

Dated: July 5, 2019                   Respectfully Submitted

                                      Bryan Kaye

                                      By Bryan kaye, in pro per